IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELICA DE ALBA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | SA-17-CV-674 |
| SAN ANTONIO EXPRESS-NEWS, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Angelica de Alba by her attorneys Gaul and Dumont complaining of Defendant San Antonio Express-News alleges:

### JURISDICTION AND VENUE

(1) This action is brought to remedy retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

(2) Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3) Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on May 20, 2016 and an Amended Charge of Discrimination on July 29, 2016.

(4) The EEOC issued a Dismissal and Notice of Rights on April 25, 2017, which was received by Plaintiff on May 5, 2017.

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6) As the unlawful employment practices complained of herein occurred within the State of

Texas, venue is proper in the Western District of Texas pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7) Plaintiff began working for Defendant in January 2014, as a Digital Sales Manager and in April 2015, she was promoted to General Sales Manager, Retail.

(8) Defendant is an employer as defined by Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9) In January 2016, Plaintiff filed a written complaint with Defendant's Human Resources Department regarding the behavior of Chief Digital Revenue Officer James Smith, which included sexual harassment, gender harassment, and retaliation.

(10) In retaliation for filing this complaint, Plaintiff was placed on a Performance Improvement Plan (PIP) on April 12, 2016. The stress of the on-going hostile work environment and the retaliation of being placed on a PIP resulted in the need for Plaintiff to take medical leave under the Family and Medical Leave Act (FMLA) from April 28, 2016 to July 21, 2016. Defendant refused to place Plaintiff in a safe position away from Mr. Smith after her FMLA leave, even though Plaintiff agreed to accept any of the opportunities in management across the United States. Defendant's failure to transfer Plaintiff to a safe position resulted in Plaintiff's constructive discharge on July 15, 2016.

(11) Although Defendant claims Plaintiff had performance issues beginning in April 2015, there is no written documentation supporting the claim prior to the PIP dated April 12, 2016. Defendant claims management spoke with Plaintiff numerous times about her performance, but there is no written documentation to support that claim. The form given to Plaintiff on April 12, 2016, provides a method of documenting a 1st written notice and 2nd written notice, but that was never done prior to Plaintiff filing the

complaint against Mr. Smith. Defendant generally claims it spoke with Plaintiff, but only gives one specific date (February 1, 2016) on which it claims management spoke with Plaintiff about her performance. There is no written documentation supporting the allegation that management spoke with Plaintiff on February 1, 2016, about her performance. That date is after Plaintiff filed her complaint with Human Resources in January 2016.

(12)     Plaintiff was promoted to General Sales Manager, Retail in April 2015. The PIP incorrectly states she was named General Sales Manager in July 2015.

(13)     According to the job description submitted by Defendant to the EEOC, Plaintiff was responsible for management of Retail Account Executives who made the sales. She set the sales goals for these employees.

(14)     The PIP claims Plaintiff failed to achieve goals for nine straight months. Defendant claims Plaintiff was the "lowest GSM" in total revenue in seven out of thirteen months. There is no evidence of the other General Sales Managers who performed lower than Plaintiff being placed on PIPs.

(15)     Defendant claims Plaintiff was not performing since April 2015, but Defendant waited until April 2016 to raise the issue.

(16)     A three-page PIP was given to Plaintiff on April 12, 2016. A different two-page PIP was submitted by Defendant to the EEOC. The PIP was altered prior to being submitted to the EEOC, deleting the allegation that Plaintiff made inappropriate comments to co-workers and removing the attachment (page 3).

(17)     Plaintiff disputes making inappropriate comments and challenges the allegation that two employees came forward with a complaint about her. Defendant claims to have a "no tolerance policy" as stated in the PIP. If complaints were made by employees on February 29, 2016, Defendant would have

raised the issue with Plaintiff under the "no tolerance policy" prior to April 12, 2016.

(18)   If Plaintiff's alleged comments violated the "no tolerance policy," then Mr. Smith's comments to Plaintiff would have been found to violate the policy. However, the investigation by Defendant regarding Mr. Smith resulted in a finding that he did nothing wrong, but his management style could be improved.

(19)   There were no issues with Plaintiff's performance as evidenced by her receipt of the Hearst Corporation President's Club Award and trip in March 2016. Plaintiff was given the PIP on April 12, 2016, in retaliation for filing a complaint in January 2016. The investigation regarding that complaint closed April 8, 2016, and on April 12, 2016, Plaintiff was place on a PIP which required her to "hit all goals by the end of Period 5 (May 22, 2016)." The PIP was given in retaliation for Plaintiff filing the complaint against Mr. Smith and was the first step toward the constructive discharge of Plaintiff on July 15, 2016.

## FIRST CAUSE OF ACTION

(20)   Defendant retaliated against Plaintiff in the terms and conditions of her employment in violation of Title VII.

(21)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(22)   WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a)   Declaring the acts and practices complained of herein are in violation of Title VII;

(b)   Enjoining and permanently restraining these violations of Title VII;

(c)   Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated

and do not continue to affect Plaintiff's employment opportunities;

(d)  Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e)  Awarding Plaintiff compensatory damages;

(f)  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g)  Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(23)  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
315 E. Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685
(210) 595-8340 - Fax


By: */s/ Malinda A. Gaul*
    MALINDA A. GAUL
    State Bar #08239800
    Attorney for Plaintiff